IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FABIAN D. WILLIAMS, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | |
| XERIOM, INC., | * | |
| | * | |
| | * | **JURY TRIAL DEMAND** |
|     Defendant. | * | |

**COMPLAINT**

Comes now, the above-named Plaintiff, and files his Complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of overtime and wage and hour laws.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant is an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

4.

Defendant is an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

5.

Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e).

6.

Defendant is subject to the wage and hour and overtime provisions under the FLSA.

7.

Defendant is an Arizona corporation doing business within the State of Georgia, maintaining its registered agent, Corporation Service Company, with a registered address at 40 Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30096. This Court has personal jurisdiction over Defendant.

**VENUE**

8.

Defendant's registered agent resides within the Atlanta Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(2).

9.

Defendant operates its business within the Northern District of Georgia.  All action alleged herein occurred within the Atlanta Division of the Northern District of Georgia.  Venue in the Atlanta Division of the Northern District of Georgia is proper for the Defendant under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

10.

Plaintiff is a citizen of the United States who resides in Rockdale County, Georgia.

11.

Since November of 2013 until the present, the Plaintiff has been employed by Defendant.

12.

Defendant is a for-profit Arizona corporation doing business within the State of Georgia and is subject to the jurisdiction of this Court.

-3-

13.

Defendant may be served with summons and process by service upon its registered agent, Corporation Service Company, at 40 Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30096.

**FACTS**

14.

Defendant operates its technology company, which includes installing fiber optic and cable networking.

15.

From approximately November of 2013 through February of 2014, the Plaintiff worked exclusively as an employee for Defendant as a Technician, but was paid as a 1099 contractor.

16.

From approximately November of 2013 through February of 2014, the Plaintiff was not paid overtime for hours worked over forty (40) hours in a week.

17.

From approximately February of 2014 to the present, the Plaintiff was employed as a Technician and paid a salary, and not paid overtime for hours worked over forty (40) hours in a week.

18.

From approximately November of 2013 to the present, the Plaintiff performed the same and similar duties based on the work hours required by Defendant.

19.

From approximately November of 2013 through February of 2014, the Defendant controlled the work performed by the Plaintiff, and the work he performed was at the direction of Defendant.

20.

From approximately November of 2013 through February of 2014, the Defendant determined the Plaintiff's compensation, and the Plaintiff was not paid based on his own opportunities for profit or loss.

21.

From approximately November of 2013 through February of 2014, the Plaintiff did not invest in the equipment and material used in performing his job duties.

22.

From approximately November of 2013 through February of 2014, the Plaintiff did not employ others to perform his job duties.

23.

From approximately November of 2013 through February of 2014, the Plaintiff was an employee of Defendant as defined by the FLSA.

24.

The Plaintiff's duties as a Technician consist of travelling to work locations and performing manual labor by running CAT 5, CAT 6, and fiber optic cable in commercial buildings.

25.

In his position as a Technician, the Plaintiff performs non-exempt duties as defined by the FLSA.

26.

Throughout his employment with Defendant, the Plaintiff routinely works greater than forty (40) hours per week.

27.

From approximately February of 2014 to the present, the Plaintiff has been paid a salary, and not paid an hourly rate.

28.

Throughout his employment, the Plaintiff has been required to submit timesheets or to clock in-and-out via a phone log system.

29.

Throughout his employment, the Plaintiff has not been paid overtime wages for the hours that he worked in excess of forty (40) hours per week.

30.

Sergio Jimenez, Defendant's Operations Manager, has told the Plaintiff that Defendant should be paying the Plaintiff overtime wages.

31.

The Plaintiff's duties are not FLSA exempt duties.

32.

The Defendant has failed to comply with the FLSA and pay the Plaintiff overtime wages, despite fully knowing that its actions are in violation of the FLSA.

33.

Defendant's actions have been willful as defined in 29 U.S.C. § 255(a).

34.

Plaintiff is due retroactive payments and liquidated damages for overtime wages for hours worked beyond forty (40) hours per week.

**COUNT ONE:   FLSA MISCLASSIFICATION**

35.

Plaintiff incorporates herein paragraphs 1 through 34 of his Complaint.

36.

During the time period the Plaintiff was paid by 1099, he was not paid overtime and was not an independent contractor of Defendant.

37.

The job duties performed by Plaintiff while paid by 1099 by Defendant are not exempt job duties under the overtime provisions of the FLSA.

38.

Defendant has failed to pay Plaintiff one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

39.

Defendant's conduct entitles Plaintiff to the amount of his unpaid overtime compensation.

40.

Defendant has failed to comply with the FLSA by presumably classifying the Plaintiff as an independent contractor, despite fully knowing that it is in violation of the FLSA.

41.

Defendant's actions have been willful as defined in 29 U.S.C. § 255(a).

**COUNT TWO:  FLSA FAILURE TO PAY OVERTIME WAGES**

42.

Plaintiff incorporates herein paragraphs 1 through 41 of his Complaint.

43.

The job duties performed by Plaintiff while employed with Defendant are not exempt job duties under the overtime provisions of the FLSA.

44.

Defendant has failed to pay Plaintiff one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

45.

Defendant's conduct entitles Plaintiff to the amount of his unpaid overtime compensation.

## COUNT THREE:  FLSA LIQUIDATED DAMAGES

46.

Plaintiff incorporate herein paragraphs 1 through 45 of his Complaint.

47.

Defendant's conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 260.

### PRAYER FOR RELIEF

48.

Wherefore, the Plaintiff prays for a judgment as follows:

1. That the Court grant full back pay for unpaid hourly wages and overtime wages owed to the Plaintiff;

2. That the Court grant Plaintiff liquidated damages under the FLSA;

3. That the Court grant Plaintiff pre-judgment interest;

4. That the Court find that Defendant willfully violated the FLSA so that a three (3) year limitation period applies to this case;

5. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA;

6. That the Court grant Plaintiff a jury trial;

7.  That the Court grant Plaintiff all other relief the Court deems just and proper; and,

8.  That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further violations of the FLSA.

Respectfully submitted this 30th day of December 2015.

THE REDDY LAW FIRM, P.C.

s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320
THE REDDY LAW FIRM, P.C.
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net